# Nerhooth *against* Althouse.

If it be proved that a defendant in ejectment went into possession of the land in controversy under a contract with the plaintiff, he will not be permitted to set up an independent title to protect a hostile possession: but if he had made a contract with the plaintiff for the possession and the title, and, before he accepted, either distinctly disavowed both, and took possession under what he supposed was a better title, he will not be precluded from defending himself under it.

ERROR to the common pleas of *Union* county.

Peter Althouse against Daniel Nerhooth. Ejectment for a tract of land.

The facts which gave rise to the only principle decided in this cause, are distinctly stated in the opinion of the court.

*Merril*, for plaintiff in error.

*Miller*, for defendant in error, cited 6 *Johns.* 34.

The opinion of the Court was delivered by

KENNEDY, J.—This cause is presented now under an entirely different aspect from what it was when here before, upon a former writ of error. It appeared from the paper-book, which we had then of the case, that Nerhooth had taken possession of the land, under an agreement made previously with Althouse, and without contesting that fact, offered to show that he held the land under a right or claim altogether adverse to that of Althouse, which the court below, as it appeared, permitted him to do. In this we thought there was error, and therefore reversed the judgment. It may be, however, that, from want of care and proper attention in making the paper-book at that time, the case was not presented to us under the same view in which the court below had it before them;

and as no written opinion of this court seems to have been given, it is also most likely that on the late trial of the cause, some misapprehension existed in regard to the question which we had decided. I am the more inclined to think that some mistake must have been committed, in stating the case, because the court below, on the late trial, seems to have applied our decision to a case that never was before us. According to the statement of the case, however, as we have it now, the defendant below, who is the plaintiff in error here, not only denied his having gone into the possession under Althouse, the plaintiff below, but offered to prove that his possession was adverse to Althouse from its first commencement; and that although he had entered into a written agreement, bearing date the 25th day of August 1834, with Althouse, for the purchase of the land, under which he was to have the possession of it delivered to him by Althouse, on the first day of November then following, yet that he gave Althouse, some two or three weeks after the date of the agreement, while Althouse was still in possession of the land, notice that he, Nerhooth, would not go into the possession under Althouse: that he afterwards, on the 20th of January 1835, entered into a written agreement with George Weirick, agreeing to unite with this last named person in procuring a title to the land, as vacant, from the commonwealth; that in February 1835, he took possession of the land under this agreement with Weirick, and on the 23d of February 1836, obtained a warrant for it from the commonwealth, had a survey made, in pursuance thereof, on the 4th of May in the same year; and moreover offered to prove that Weirick had a written agreement with Althouse, dated March 5th, 1831, by which it was agreed between Weirick and Althouse, that as the land in question was believed to be vacant, the latter should enter and make a settlement thereon with his family, as soon as it could conveniently be done, for their joint benefit; and at their equal and joint expense, afterwards procure a perfect title for the land from the commonwealth. This evidence, however, was objected to by the counsel for the plaintiff below, and the court below being given, as would seem, to understand somehow that our decision in the case, when here before, rendered the evidence thus offered inadmissible, rejected it. The defendant below having disclaimed taking possession under the agreement with the plaintiff below, and still refusing to fulfil or abide by it, the latter declared his determination to take the defendant at his word, and consider the agreement made between them no longer binding on him, declared on the trial that he brought this action to recover the possession of the land as the absolute owner of the whole of it, seeing Weirick, as well as the defendant below, had forfeited all right or claim to it by their having combined together, and having taken from the state a warrant for the land, leaving the improvement and settlement, made by the plaintiff below, altogether out of view, for the purpose of defrauding him of his right to it. Now it may be that Nerhooth and Weirick

[Nerhooth v. Althouse.]

have acted in such a manner towards Althouse, as to preclude themselves, or either of them, from claiming an interest in the land under the agreements which they severally made with him; but the counsel for the plaintiff below was mistaken, if he supposed that he could have such question decided in favour of his client by objecting to and excluding the evidence offered, which, as it appears to me, could not have operated unfavourably to him, unless the defendant below had gone further, and proved a relinquishment of all claim, on the part of the plaintiff below, to the land. Or if the counsel for the plaintiff below conceived that he was entitled to recover back the possession of the land, because the defendant below had taken possession under an executory contract for the purchase of it, and had, after obtaining the possession, disclaimed holding under such contract, he might have been right in thinking so, but then, although he had given evidence tending to prove that the fact was so, still that was no reason why the defendant below should be precluded from giving evidence going to disprove the fact of his having taken the possession of the land under such agreement with the plaintiff below, by showing, as he proposed to do, that he had given the plaintiff notice before the plaintiff left the possession, that he would not take the land at all under the agreement which he had made with the plaintiff; and that, when he did go into possession, afterwards, it was under the agreement which he made with Weirick. And very possibly it might have been requisite to have gone still further, in order to have satisfied the jury that he had not deceived the plaintiff below about taking possession, and for this purpose, to have shown that he also gave the plaintiff below previous notice of his intention to take the possession of the land, at the time he did, under Weirick. It is clear, however, that all the evidence in relation to this question ought to have gone to the jury, as it was a question of fact, and therefore proper to be decided by them alone, after they had heard all the evidence on the part of the defendant below as well as the plaintiff. And supposing the defendant below had been permitted to give all his evidence, and he had satisfied the jury that he did not take possession of the land under the plaintiff; then the plaintiff might have shown and relied on his prior right to recover the possession of the land arising from his settlement and improvements made upon it long before the commencement of the title under which the defendant professed to claim.

Judgment reversed, and a *venire de novo* awarded.